UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. STORMAN, | No. 2:17-cv-0976 MCE AC |
| Plaintiff, | |
| v. | ORDER |
| U.S. OFFICE OF THE SECRETARY, DHHS, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I. SCREENING STANDARDS

Granting IFP status does not end the court's inquiry. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction

1

(that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. ("Rule") 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Rule 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## II. THE COMPLAINT

Plaintiff names the U.S. Office of the Secretary DHHS as the sole defendant in this

////

lawsuit.[1] ECF No. 1 at 1. Plaintiff is seeking judicial review of the final decision of the Medicare Appeals Council ("Council") pursuant to § 1852(g)(5) of the Social Security Act, 42 U.S.C. 1395w-22(g)(5). ECF No. 1 at 4. The Council found plaintiff did not qualify for Medicare coverage of lifetime home health services. Id. at 5-6. Plaintiff claims that the ALJ failed to take into consideration his "former attorney's comments about his various mental and other disabilities" and "fails to mention his eye diseases, liver disease, and Barrett's disease of the esophagus" when evaluating whether he was eligible for lifetime home health services. Id. at 2. As relief, plaintiff seeks "home health services to be renewed every 60 days for the rest of plaintiff's life" and "$1,900 for pain and suffering." Id.

For screening purposes, the complaint appears to state a cognizable claim for relief under the Medicare Act, 42 U.S.C. § 1395w-22(g)(5). If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

### III. CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2), is GRANTED;
2. Plaintiff's motion to voluntarily dismiss defendant Kaiser Health Plan (ECF No. 3) is GRANTED;
3. The Clerk of the Court is further directed to serve a copy of this order on the United States Marshal.
4. The Clerk of the Court is directed to issue forthwith, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs.
5. Plaintiff is directed to supply the U.S. Marshal, within 30 days from the date this order is filed, all information needed by the Marshal to effect service of process, <u>and file a statement with the court that said documents have been submitted to the United States</u>

---

[1] Initially, plaintiff also named Kaiser Health Plan as a defendant in this lawsuit. Plaintiff subsequently filed a motion to dismiss Kaiser Health Plan as a defendant. ECF No. 3. The court will construe this motion as a voluntarily dismissal of the defendant Kaiser Health Plan and grant the motion.

3

| | |
|---|---|
| 1 | Marshal.  The court anticipates that, to effect service, the U.S. Marshal will require at |
| 2 | least: |

   a. One completed summons;

   b. One completed USM-285 form;

   c. One copy of the endorsed filed complaint, with an extra copy for the U.S. Marshal; and

   d. One copy of the instant order.

6. The United States Marshal is directed to serve all process (which here includes an appropriate form for consent to trial by a magistrate judge), without prepayment of costs, not later than sixty days from the date of this order.  Service of process shall be completed by delivering a copy of the summons and complaint to the United States Attorney for the Eastern District of California, and by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.  See Fed. R. Civ. P. 4(i)(1)(A).

7. In the event the U.S. Marshal is unable, for any reason whatsoever, to effectuate service on any defendant within 60 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

8. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

9. Defendant is directed to file the administrative record and an answer or other response to the complaint within 90 days from the service of the complaint.

10. Failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

DATED: August 8, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4