UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL D. STORMAN,

    Plaintiff,

v.

U.S. OFFICE OF THE SECRETARY, DDHS,

    Defendant.

No. 2:17-cv-0976 MCE AC PS

FINDINGS AND RECOMMENDATIONS

This matter is before the court on plaintiff's letter "re: why you made a terrible decision." ECF No. 19. The court construes plaintiff's letter as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure ("Rule") 60. For the reasons that follow, the undersigned recommends plaintiff's request be DENIED.

**I. RELEVANT FACTUAL AND PROCEDURAL HISTORY**

Plaintiff filed his complaint on May 9, 2017, along with an application to proceed In Forma Pauperis ("IFP"). ECF No. 1, 2. On August 8, 2017, the undersigned granted plaintiff's motion to proceed IFP and directed plaintiff to supply the U.S. Marshal, within 30 days from the date of the order, all information needed to effect service of process and file a statement with the court indicating he had submitted the documents to the U.S. Marshal. ECF No. 6 at 3-4. Plaintiff was also warned that failure to comply with the order may result in a recommendation that the

1

| | |
|---|---|
| 1 | action be dismissed. Id. at 4. On September 12, 2017, plaintiff submitted a proof of service |
| 2 | indicating that service was effected by U.S. Mail by someone over the age of 18. ECF No. 11. |
| 3 | As a result of ineffective service, the Clerk's office denied plaintiff's request for entry of default. |
| 4 | See ECF Nos. 14, 15, 16. On December 18, 2017, plaintiff filed a motion to dismiss requesting |
| 5 | the court to "either […] dismiss his case or rule in his favor" and that he was "wash[ing] his |
| 6 | hands of this case for health reasons and will not appear before the court or make any more |
| 7 | motions in this matter." ECF No. 17 at 1. No defendant having been properly served, the |
| 8 | undersigned construed the motion as a notice of voluntary dismissal pursuant to Fed. R. Civ. P. |
| 9 | 41(a)(1)(A)(i). The case was therefore closed. ECF No. 18. |

## II. THE MOTION

On December 28, 2017, plaintiff filed a letter titled "why you made a terrible decision." ECF No. 19. In it, plaintiff appears to request that the case be re-opened. Id. The court therefore construes the filing as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60.

## III. ANALYSIS

Rule 41(a)(1)(A)(i) provides an action may be voluntarily dismissed without a court order through the filing of "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgement." Voluntary dismissal of an action without prejudice results in a final order from which relief can be requested pursuant to Rule 60(b). See In re Hunter, 66 F.3d 1002, 1004–1005 (9th Cir.1995).

Rule 60(b) provides for reconsideration of a final judgment or any order where one of more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). A motion for reconsideration on any of these grounds must be brought within a reasonable time, and no later than one year, of the entry of the judgment or the order being challenged. Id.

////

Plaintiff's request to re-open appears to be based on his belief that the court made a mistake. See Fed. R. Civ. P. 60(b)(1). Plaintiff argues the defendant was properly served and that the court "falsely concluded in dismissing [his] case." ECF No. 19. However, plaintiff is mistaken as to the effect of his notice of voluntary dismissal. Voluntary dismissals are self-executing and "dismissal is effective on filing and no court order is required." Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077 (9th Cir. 1999). "The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice" "leav[ing] the parties as though no action had been brought." Id. (internal quotations omitted). Therefore, the court's order was not required to effectuate plaintiff's notice of voluntary dismissal.

Moreover, the court disagrees that it committed a legal error in construing plaintiff's request as a request for voluntary dismissal. The court carefully reviewed plaintiff's filing and based its interpretation of the document on plaintiff's representation that "he was "wash[ing] his hands of this case for health reasons and will not appear before the court or make any more motions in this matter" and that the court "either […] dismiss his case or rule in his favor." See ECF No. 17 at 1. This language indicated an intention to cease prosecution of the case.

Rule 60(b) is "not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge" and "parties should be bound for the deliberate actions of themselves[.]" Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1101 (9th Cir. 2006). Accordingly, relief from judgment is not warranted.

### IV. CONCLUSION

For the reasons stated above, IT IS HEREBY RECOMMENDED that plaintiff's motion for relief from judgment, ECF No. 19, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure

3

to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: February 6, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4